## Le Rosen v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Campbell Circuit Court.

Criminal Law—Evidence Obtained Without Search Warrant Incompetent.—Evidence obtained by officers by unlawful search of a house without a search warrant was incompetent.

HOWARD M. BENTON for appellant.

THOS. B. McGREGOR, Attorney General, CHAS. W. LOGAN, Assistant Attorney General, and L. J. DISKIN, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The indictment in this case accuses appellant Angie LeRosen of the offense of maintaining a disorderly house on Licking pike in Campbell county, about two miles from the city of Newport. A trial resulted in her conviction, the punishment being fixed at a fine of $500.00 and six months in the county jail. She appeals.

Several grounds are set forth for a new trial but we think it will be necessary to consider only one of them.

In December, 1922, appellant purchased a house and lot on the Licking pike, and on January 23rd of this year she moved into it. She had at least one servant—a man

—and many visitors. The neighbors became suspicious of her and concluded she was running a "sporting" or assignation house. They saw very little of her and there was no noise or disturbance about the place. Some one reported the house as disorderly to the police department of Newport, and a bevy of officers in automobiles dro. out there on the afternoon of February 11th to make an investigation. They had no warrant of any kind. On reaching the LeRosen place they saw two or more automobiles setting in front. Without calling, knocking or asking admission the officers opened the door and entered. Inside they found appellant and four men in the first room. She and two of the men were sitting down while two of the men were standing. There was nothing unusual going on. Everything was quiet and orderly. The officers searched the house and found a girl in one of the rooms upstairs by herself. According to the evidence she was a visitor at the place, having arrived that day, and intended to leave that afternoon. The men were not shown to be of bad character. The officers arrested the two women and carried them to jail. It was shown by the officers that appellant LeRosen as well as the girl found in the house were of bad reputation, appellant having been found guilty of operating a sporting house while she lived in Newport and the girl at that time being an inmate of her place.

Most of this evidence was obtained by reason of the unlawful search of the premises of appellant. The officers had opportunity, had they desired to do so before going to the house, to have obtained a search warrant for the place, but they did not do so. They did not even have a warrant of arrest for appellant or anyone at the house. The evidence thus obtained was incompetent against appellant. Appellant by counsel objected to the testimony at the time it was offered and given, and afterwards moved to exclude it from the consideration of the jury, but the objection as well as the motion was overruled. This was error prejudicial to the substantial rights of appellant.

For this reason the judgment must be reversed for a new trial.

Judgment reversed.